Robert **HAYNES** d/b/a Haynes Waterproofing, Appellant,

v.

Edward **DIXON**, Respondent pro se,

**Division of Employment Security, Respondent.**

No. WD 61320.

Missouri Court of Appeals, Western District.

Dec. 17, 2002.

Edward Lander, St. Louis, MO, for Appellant.

Cynthia Ann Quetsch, Jefferson City, MO, for Respondent DES.

Before JAMES M. SMART, JR., P.J., ROBERT G. ULRICH, and RONALD R. HOLLIGER, JJ.

JAMES M. SMART, JR., Judge.

Robert Haynes appeals the determination of the Labor and Industrial Relations Commission that Haynes became an employer subject to the Missouri Employment Security Law under § 288.032 RSMo.2000, effective January 1, 1999. Haynes appeals. Because we determine that no issue remains for our determination, we dismiss the appeal.

### Statement of Facts

Appellant Robert Haynes operates a residential waterproofing and foundation repair business under the name "Haynes Waterproofing." The business is not incorporated. Edward Dixon began working for Haynes in September 1999. Dixon was originally placed with Haynes by a temporary employment agency. Dixon began working for Haynes directly in October 1999. Dixon's duties consisted of manual labor, and he was paid an hourly wage. Dixon received compensation from Haynes in the amount of $2200 for the quarter ending December 31, 1999; $2275 for the quarter ending March 31, 2000; and $1573 for the quarter ending June 30, 2000.

### Procedural History

Dixon ceased working for Haynes at the end of November 2000. Dixon filed for unemployment benefits through the Missouri Division of Employment Security ("DES"). Haynes had not paid unemployment insurance during 1999 or 2000. The DES contacted Haynes to determine whether Dixon had been an employee. Haynes informed the DES that Dixon had not been an employee but had been an independent contractor. The DES decided to conduct an investigation.

The DES requested that Dixon and Haynes provide the DES with documentation and additional information. Dixon promptly complied. The DES attempted to contact Haynes in person, by phone, by mail, and by fax. Haynes evaded contact with the DES, making the process of determination difficult. Haynes, by fax, directed the DES to contact his accountant for any information concerning his business. The accountant handled only tax returns. The accountant did not handle the payroll of the employees and, thus, could provide only limited information to the DES. After two months, the DES had received no additional information from Haynes.

The DES, relying on the information provided by Dixon, determined in April 2001 that Dixon was entitled to wage credits in the amount of $2200 for the quarter ending December 31, 1999; $2275 for the

quarter ending March 31, 2000; and $1573 for the quarter ending June 30, 2000. Haynes was notified of the determination of the DES by letter. Haynes objected, and a hearing before the Appeal Tribunal was held.

The Appeals Tribunal considered two issues: (1) whether Edward Dixon was entitled to wage credits based on services performed for wages in employment by Robert Haynes, doing business as Haynes Waterproofing (designated appeal "WC–38–01"); and (2) whether Robert Haynes, doing business as Haynes Waterproofing, became an employer subject to the Missouri Employment Security Law effective January 1, 1999, under the provisions of Section 288.032, RSMo (designated appeal "E–116–01"). The issues were heard together, and the issues clearly overlapped, but the Appeals Tribunal issued separate decisions for the two issues. The Appeals Tribunal held in appeal "WC–38–01" that Dixon was entitled to wage credits because he earned wages in employment from Haynes and denied Haynes' claim that Dixon was an independent contractor. The Appeals Tribunal held in appeal "E–116–01" that since Haynes had paid for services wages in employment exceeding $1500 in a calendar quarter during the preceding year, he was subject to the Missouri Employment Security Law under Section 288.032 RSMo.

Haynes appealed both determinations to the Labor and Industrial Relations Commission ("LIRC"). The LIRC affirmed both determinations based on the record. Haynes appealed both determinations to the Missouri Court of Appeals, Eastern District. The appeal from the wage credit determination, "WC–38–01," was transferred to the Missouri Court of Appeals, Southern District, pursuant to RSMo. § 288.210. RSMo § 288.210 provides that "[w]ithin twenty days after a decision of the commission has become final, the director or any party aggrieved by such decision may appeal the decision to the appellate court having jurisdiction in the area where the claimant or any one of the claimants reside." The claimant, Dixon, resides in Sullivan, Missouri, which is located in Crawford County. The Missouri Court of Appeals, Southern District, has jurisdiction to hear appeals from Crawford County. RSMo. § 477.060.

■ The appeal from the employer determination, "E–116–01," was transferred to the Missouri Court of Appeals, Western District, pursuant to RSMo. § 288.210, which provides that "in all cases not involving a claimant, the Missouri court of appeals for the western district shall have jurisdiction of the appeal." The phrase "matters not involving a claimant" include determinations concerning the imposition, assessment, and collection of unemployment taxes. *Springfield Gen. Osteopathic Hosp. v. Indus. Comm'n.*, 538 S.W.2d 364, 370 (Mo.App.1976).

The Missouri Court of Appeals, Southern District, affirmed the decision of the LIRC in the matter of "WC–38–01" without opinion pursuant to Rule 84.16(b) on November 20, 2002.

### Analysis

Haynes raises two points on appeal. First, Haynes argues that the LIRC erred in ruling that Haynes was an "employer" within the meaning of RSMo. § 288.034.5, because Dixon was an independent contractor. Second, Haynes argues that the LIRC erred in its determination that Dixon's earning were "wages in employment" because the determination was contrary to the evidence on the record.

■ This court's jurisdiction does not extend to any determination concerning Dixon's status. This court's jurisdiction is

limited to "matters not involving a claimant." RSMo. 288.210. Thus, this court's jurisdiction is concerned only with Haynes' status as an employer subject to the Employment Security Law. The determination of whether Dixon was an independent contractor and the determination of whether Dixon was entitled to "wages in employment" were decided in appeal "WC–38–01," which was affirmed by the Southern District. Haynes appears to be seeking a second review of the issues presented in "WC–38–01." Because those issues have already been reviewed and resolved by the Southern District, it appears that nothing remains in this case for our review.

■ This court's jurisdiction is limited to review of appeal "E–116–01." The determination of the LIRC of appeal "E–116–01" was an affirmance of the decision of the Appeals Tribunal. The ruling of the Appeals Tribunal was as follows:

The issue to be decided in this appeal is whether the appellant became an employer subject to the Missouri Employment Security Law effective January 1, 1999. The resolution of this issue is determined by the issue of whether or not Edward Dixon was entitled to wage credits determined by the [DES] and subject to the appellant's appeal in WC–38–01. Since the Appeals Tribunal affirmed the deputy's determination finding that Edward Dixon, the claimant in that proceeding, was entitled to wage credits in the amount of $2200 for the quarter ending December 31, 1999; $2275 for the quarter ending March 31, 2000; and $1573 for the quarter ending June 30, 2000, the Appeals Tribunal concludes that the appellant became an employer subject to the Missouri Employment Security Law pursuant to Section 288.032, RSMo, as amended, effective January 1, 1999 since he paid for services in employment in excess of $1500 in a calendar quarter that year.

Because Haynes purports to appeal the LIRC ruling that Dixon was an employee rather than an independent contractor, Haynes' points on appeal do not present any issue within this court's jurisdiction. Case No. "WC–38–01," and the ruling of the Southern District of the Court of Appeals, dealt extensively with the issue of the relationship between Haynes and Dixon, determining the relationship was one of employment and not that of independent contractor. Thus, the LIRC ruling affirmed by the Southern District forecloses the contentions made on appeal here.

Judicial review of a LIRC decision is limited. This court may modify, reverse, remand for rehearing, or set aside the decision of the commission on the following grounds and no other:

(1) That the commission acted without or in excess of its powers;

(2) That the decision was procured by fraud;

(3) That the facts found by the commission do not support the award; or

(4) That there was no sufficient competent evidence in the record to warrant the making of the award.

RSMo § 288.210. An "employer" for the purposes of the Missouri Employment Security Law is defined as "[a]ny employment unit which in any calendar quarter in either the current or preceding calendar year paid for service in employment wages of one thousand five hundred dollars or more.…" RSMo § 288.032.1(1). The LIRC concluded that Haynes paid for services in excess of $1500 in a calendar quarter. This determination was based on the LIRC determination in "WC–38–01" that Haynes had paid Dixon wages in employment in excess of $1500 in three calendar quarters in the preceding year. This can be viewed as a matter of issue preclusion

(because of the obvious overlap in the determinations) or as an issue of our jurisdiction. Either way, there remains nothing further for our review.

The appeal of the decision of the LIRC is dismissed.

ULRICH and HOLLIGER, JJ., concur.