**HILL TRUCKING, L.L.C., Appellant,**

v.

**Kevin BRADSHAW, Charles Alcorn, and Division of Employment Security, Respondents.**

**Nos. SD 31338, SD 31339, SD 31340.**

Missouri Court of Appeals, Southern District, Division One.

Feb. 15, 2013.

Patrick J. Platter, Neale & Newman, L.L.P., Springfield, MO, for Appellant.

Michael Pritchett, Jefferson City, MO, for Respondent Division of Employment Security.

GARY W. LYNCH, P.J.

Hill Trucking, LLC, ("Hill Trucking") appeals three adverse determinations by the Labor and Industrial Relations Commission ("Commission") that claimants Kevin Bradshaw and Charles Alcorn are entitled to wage credits based upon services performed for wages in employment by Hill Trucking (Commission decision no. WC–64–10/our Appeal No. SD31338 and Commission decision no. WC–20–10/our Appeal No. SD31339, respectively) and that claimant Alcorn is not disqualified from the receipt of unemployment benefits

because Hill Trucking discharged Alcorn, but not for misconduct connected with work (Commission decision No. 10–04058 R–A/our Appeal No. SD31340). The only issue raised by Hill Trucking in these appeals is that it claims it is not an employer as defined in section 288.032, because it is exempt under subsection 3 of that statute.[1] Finding that Hill Trucking's status as an employer cannot be raised in these appeals of cases involving claimants and has been determined adversely to Hill Trucking by the Western District of this Court in related cases not involving any claimant, we affirm.

### Factual and Procedural Background

Hill Trucking is a limited liability company organized in Missouri with Larry Hill and his wife, Patricia Hill, as its members.

Alcorn worked for Hill Trucking as a dump truck driver between late 2007 or early 2008 until November 8, 2009, when he was told to clean out his truck because there was no more work for the season. Alcorn applied for unemployment benefits on November 19, 2009, alleging that he was separated from employment with Hill Trucking because of a lack of available work. Hill Trucking protested Alcorn's claim, alleging that Alcorn "was not employed by Hill Trucking LLC, but was a driver of an independent contractor who had a lease from Hill Trucking of the equipment that he was working on, and who worked at his own independent business beyond the control of Hill Trucking, LLC." Alternatively, Hill Trucking protested Alcorn's claim on the ground that Alcorn "quit without good cause[ ] attributable to ... his employer." Hill Trucking contended that Alcorn was disqualified from receiving benefits and "ineligible for benefits because he is running his own business."

In the course of processing Alcorn's claim for benefits, the Division of Employment Security ("Division") found that Hill Trucking had not reported any wages for Alcorn and other drivers, and an investigation was opened to determine whether Hill Trucking was an employer and subject to the Missouri Employment Security Law ("the Law"), see Chapter 288.

On December 1, 2009, the Division sent Hill Trucking a "notice of liability" advising that, in accordance with section 288.032, it had been determined that Hill Trucking became an employer subject to the Law beginning on January 1, 2008, in that Hill Trucking's drivers "received remuneration for their services which constitutes wages as defined in Section 288.036[,]" and Hill Trucking had not shown that the drivers were independent contractors. Hill Trucking requested review of the determinations of employer liability and that named drivers were employees, rather than independent contractors, contending that each operated "under a lease arrangement where they were responsible for the equipment leased to them, and were working on a percentage of revenue produced by the truck leased to them." Appeal to the Appeals Tribunal on these issues was designated as appeal no. E–44–10.

Also on December 1, 2009, the Division mailed Hill Trucking a Determination of Worker's Wage Credits related to claimant Charles Alcorn. Therein, it was determined that Alcorn was entitled to certain wage credits in the calculation of his claim for unemployment benefits. Hill Trucking appealed this determination contending that Alcorn was working as an independent contractor and not entitled to wage credits. This appeal was designated as

1. All other statutory references are to RSMo 2000 through Cum.Supp.2006.

appeal no. WC–20–10 (now before us as SD31339).

On January 21, 2010, a deputy's determination concerning Alcorn's claim for unemployment benefits was mailed, stating that Alcorn was not disqualified, in that "[t]he separation was not for misconduct connected with work." Based in part on a credibility determination, the deputy found that Alcorn "was separated for reasons attributable to a lack of work because more work was not available." Hill Trucking appealed the determination that Alcorn was eligible for unemployment benefits to the Appeals Tribunal contending that Alcorn "was a for hire driver and exempted from the employee classification in this case[,]" pursuant to section 288.023.3. Hill Trucking also contended that Alcorn quit without good cause attributable to employer or job and that Hill Trucking called him repeatedly to offer hauling opportunities throughout the month of November 2009, which Alcorn refused to accept. This appeal to the Appeals Tribunal was designated as appeal no. 10–04058 (now before us as SD31340).

Kevin Bradshaw was engaged as a driver by Hill Trucking and filed for unemployment benefits effective April 4, 2010. On April 8, 2010, the Division mailed Hill Trucking a Determination of Worker's Wage Credits related to claimant Kevin Bradshaw. Therein, the Division determined that Bradshaw was entitled to certain wage credits in the calculation of his claim for unemployment benefits. Hill Trucking appealed this determination, alleging that Bradshaw was working as an independent contractor and was not an employee. This appeal was designated as appeal no. WC–64–10 (now before us as SD31338).

The Division further notified Hill Trucking, on April 20, 2010, of its Assessment for Contributions, Interest, and Penalties for the third and fourth quarters of 2009. Hill Trucking petitioned for reassessment and protested the amount assessed, contending that it did not have employees during the third and fourth quarters of 2009. This appeal was designated as appeal no. E–176–10.

Also on April 20, 2010, Larry Hill, as a member of Hill Trucking, was notified of his personal liability in the Division's assessment for contributions, interest, and penalties for the first, second, and third quarters of 2008, and the second, third, and fourth quarters of 2009. Hill petitioned for reassessment and protested the amount assessed against him personally, contending he had no employees during those quarters of assessment and owed no contributions. Hill further alleged that if any assessment was owed, it was owed by Hill Trucking rather than Hill personally. This appeal was designated as appeal no. E–177–10.

All six of the preceding matters were consolidated for hearing before the Appeals Tribunal on September 8, 2010. Four witnesses testified on behalf of Hill Trucking; two witnesses testified on behalf of the Division; Charles Alcorn and another witness testified on his behalf; and Kevin Bradshaw testified.

In appeal no. E–44–10, the determination of liability as an employer, the Appeals Tribunal affirmed the deputy's determination that Hill Trucking was liable as an employer and subject to the Law, pursuant to findings that Charles Alcorn and Kevin Bradshaw, in addition to other drivers, performed services for wages in employment by Hill Trucking, and Hill Trucking became an employer subject to the Law effective January 1, 2008. The Appeals Tribunal overruled Hill Trucking's petitions for reassessment in appeal nos. E–176–10 (as to Hill Trucking) and E–177–10 (as to Larry Hill personally). The Ap-

peals Tribunal affirmed the deputy's determinations regarding wage credits for Kevin Bradshaw, appeal no. WC–64–10, and Charles Alcorn, appeal no. WC–20–10, as well as Alcorn's entitlement to unemployment benefits, appeal no. 10–04058.

Hill Trucking and Larry Hill applied to the Commission for review on all six decisions. The Commission affirmed the Appeals Tribunal's decisions, with modifications and corrections only as to the monetary amounts involved in some of them.

Hill Trucking and Larry Hill timely filed notices of appeal for all six Commission decisions to the Southern District of the Missouri Court of Appeals. As noted *supra*, appeal nos. E–44–10, E–177–10, and E–76–10, brought by Hill Trucking and Larry Hill, involved claims against Hill Trucking or Larry Hill that were brought by the Division absent any named claimants. In accordance with section 288.210,[2] this District transferred appeals from those decisions to the Western District of this Court, which consolidated all three under its case No. WD74772. The remaining three appeals, each with a named claimant who resided within the geographical jurisdiction of this District, were held in abeyance pending resolution of WD74772 by the Western District.

In WD74773, the Western District issued its order pursuant to Rule 84.16(b), on August 14, 2012, along with an unpublished memorandum opinion, affirming the

Commission's determination as to Hill Trucking's status as an employer under the Law.[3] Mandate issued September 5, 2012.

Our review now turns to and concerns only the Commission decisions against Hill Trucking involving Bradshaw's entitlement to wage credits (WC–64–10/SD31338), Alcorn's entitlement to wage credits (WC–20–10/ SD31339), and Alcorn's separation case (10–04058/SD31340). These appeals have been consolidated for purposes of opinion.

The sole point relied on in all three appeals before us is identical to the one raised in the appeals addressed by the Western District in WD74773. In that point, Hill Trucking contends:

> The Labor Commission erred when it entered its order that [Hill Trucking and Larry Hill] were employers subject to the Missouri Employment Security Law because it erroneously applied Section 288.032.3 and 49 C.F.R. § 376.2(f) to conclude that [Hill Trucking and Larry Hill] were not exempt in that: (A) the drivers (known in the lease agreements as contractors) were lessors under 49 C.F.R. § 376.2(f) who entered into lease agreements with an authorized carrier, namely Hill Trucking; (B) the drivers did not have to be authorized carriers under 49 C.F.R. § 376.2(f) for the exemption to apply; and (C) there is no statutory presumption under Section 288.032.1(1) that the drivers were sub-

---

**2.** Section 288.210 provides, in pertinent part:
Within twenty days after a decision of the commission has become final, the director or any party aggrieved by such decision may appeal the decision to the appellate court having jurisdiction in the area where the claimant or any one of the claimants reside.... in all cases not involving a claimant, the Missouri court of appeals for the western district shall have jurisdiction of the appeal.

Cases not involving a claimant include "decisions concerning the imposition, assessment and collection of the contributions required by the Act[.]" *Springfield Gen. Osteopathic Hosp. v. Industrial Commission of Mo.*, 538 S.W.2d 364, 370 (Mo.App.1976).

**3.** All rule references are to Missouri Court Rules (2012).

ject to the Missouri Employment Security Law thereby subjecting [Hill Trucking and Larry Hill] as employers.

Hill Trucking's claim that it is not an employer under the Law is not reviewable by this District of the Court of Appeals. This issue was initially raised by the Division in Commission decision E–44–10—a case against Hill Trucking not involving a claimant. Section 288.210 provides that "in all cases not involving a claimant, the Missouri court of appeals for the western district shall have jurisdiction of the appeal." *See Haynes v. Dixon*, 91 S.W.3d 210, 212–13 (Mo.App.2002). Following transfer of the appeal of this decision, the Western District of this Court affirmed the "Commission's determination that Hill Trucking was an 'employer' for purposes of the Missouri Employment Security Law, Chapter 288 RSMo, and that Hill Trucking and its member, Larry Hill, are liable for the assessment of contributions and interest under that Law." Therefore, the issue has already been reviewed, decided, and resolved by the Western District, and that decision precludes any review of the issue by this District. *See Haynes*, 91 S.W.3d at 212–13.

This District's statutory authority to review Commission decisions extends only to those cases involving a claimant who resides in the geographical jurisdiction of the Southern District. Section 288.210. Accordingly, this court's authority is limited to a review of appeals WC–64–10, WC–20–10, and 10–04058. Those cases involve the threshold issue of whether Alcorn and Bradshaw are employees of Hill Trucking under the Law and consequences flowing therefrom, but they do not involve the issue of whether Hill Trucking is an employer under the Law. Hill Trucking's point relied on does not address the former, but rather, seeks only a second review of the latter. Therefore, Hill Truck-

ing has not raised any claim of error in these appeals for which this District has authority to review. *See Haynes*, 91 S.W.3d at 213–14.

We can consider only allegations of error that are properly briefed. Rule 84.13(a). Because we have no statutory authority to address the only issue briefed by Hill Trucking and the issue so briefed has already been decided adversely to Hill Trucking by the Western District of this Court, we have no authority to take any action other than to affirm all three of the Commission's decisions before us. The Commission's decisions in Appeal Nos. SD31338, SD31339, and SD31340 are affirmed.

NANCY STEFFEN RAHMEYER and WILLIAM W. FRANCIS, JR., JJ., concur.